## VENEY *v.* SAMUELS.[*]

(Division B. Feb. 22, 1926. Suggestion of Error Overruled April 5, 1926.)

[107 So. 517. No. 25362.]

1. MASTER AND SERVANT. *Master liable only when he should have reasonably anticipated injury from defective instrumentality.*

   A master is not liable for every injury occurring to his servant on account of a defective instrumentality put into servant's hands with which to work, but is liable only when he should have reasonably anticipated that such instrumentality would result in some injury.

2. MASTER AND SERVANT. *Whether employer could have reasonably anticipated injury by defective dumping apparatus on gravel truck held for jury.*

   In action by employee for injuries received while assisting in unloading gravel truck because of alleged defective dumping apparatus, *held*, that question as to whether employer could have reasonably anticipated injury was for the jury.

3. MASTER AND SERVANT. *Employer liable for injury by defective apparatus if he should have anticipated injury of some character might have resulted.*

   To create liability of employer for injury received by employee while unloading gravel truck, because of defective dumping apparatus, it was not necessary that employer should have anticipated the particular injury that resulted, but only that an injury of some character might result therefrom.

4. TRIAL. *Instruction to find for employee if foreman gave order for truck to move while employee was in peril held erroneous, in absence of testimony foreman knew of employee's danger.*

   Where employee was injured because of defect in dumping apparatus on gravel truck when his thumb caught and was pulled off when driver of truck started forward, instruction that jury should find for employee if employer's foreman ordered truck to move forward when he knew, or should have known, employee's situation of peril, *held* erroneous, in absence of substantial testimony that foreman knew of employee's danger.

---

*Corpus Juris-Cyc. References: Master and Servant, 39CJ, p. 289, n. 43; p. 290, n. 45, 46; p. 313, n. 21; p. 344, n. 34; p. 435, n. 4; p. 1155,

n. 14; p. 1220, n. 71; Trial, 38 Cyc., p. 1618, n. 36; Liability of master for injury to servant which might, have been foreseen and expected, see note in 41 L. R. A., 56, 18 R. C. L., p. 588.

APPEAL from circuit court of Panola county.

HON. GREEK L. RICE, Judge.

Action by Theo Samuels against Peter Veney. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

*Watkins, Watkins & Eager,* for appellant.

This case falls within the rule announced in *Robinson Land & Lumber Co.* v. *Gage,* 27 So. 998. Also *Hand* v. *Boatner,* 94 So. 162, 130 Miss. 292, is directly in point.

It is erroneous to justify the inference of negligence on the part of the jury, merely because the appellant used a latch which was a little bit longer than the latches on some of the trucks, without the slightest proof in the world that one was more dangerous than the other. In other words, the court permits the substitution of the happening of the accident in lieu of proof that the instrumentality was defective.

The proof is undisputed that the openings between the ends of the rear gate were normal and proper there. In other words, there had to be a little space for the proper operation and manipulation of the truck.

It is erroneous, and makes the master an insurer, to say that the master should have contemplated the probability of any such accident happening as a consequence.

See, also, *Wilbourn* v. *Charleston Cooperage Co.,* 127 Miss. 290; 3 Labatt, Master and Servant, par. 1042. The master's liability depends not upon what can be seen by everybody after the happening of an accident, but upon what he should have known or anticipated before the occurrence. *Maue* v. *Erie R. Co.* (1910), 189 N. Y. 221, 91 N. E. 629.

*Montgomery & McClure,* for appellee.

The effect of the argument of counsel for the defendant is that the court below should have granted a peremptory instruction on behalf of the defendant. The decision of this court, as in the court below, must necessarily turn upon the sufficiency of the evidence.

It is undoubtedly the duty of the master to furnish the servant with reasonably safe appliances, and he is responsible for any injury received by the servant by reason of his failure to discharge this duty. *Hope* v. *Natchez Ry. Co.,* 54 So. 369; *White* v. *Ry. Co.,* 72 Miss. 12; *Kneale* v. *Dukat,* 93 Miss. 201. Moreover, the duty of the master to furnish reasonably safe appliances and a reasonably safe place to work is a duty which the master cannot relegate to another. *Miss. Cent. R. R. Co.* v. *Hardy,* 88 Miss. 732; *A. & V. R. R. Co.* v. *Groome,* 97 Miss. 201.

It is not incumbent upon the servant to search for latent defects in machinery furnished by his employer; but he has, without any investigation, the right to assume that they are safe and sufficient for the purpose employed. *So. R. R. Co.* v. *Wiley,* 88 Miss. 825.

By section 504, Hemingway's Code, the doctrine of the assumption of risk of the employee is abolished when an employee is injured because of the negligence of an employer. *Benton* v. *Finkbine Lbr. Co.,* 118 Miss. 558; *Sea Food* v. *Alves,* 117 Miss. 1; *Huff* v. *Bear Creek Mill. Co.,* 116 Miss. 509; *Edwards* v. *Lbr. Co.,* 113 Miss. 383; *Murray* v. *Natchez Drug Co.,* 100 Miss. 260; *Parker* v. *Wood Lbr. Co.,* 54 Miss. 253. And even in cases where the doctrine of assumption of risk is applicable, it is generally a question for the jury to find whether the servant assumed the risk of defects. *Oneal* v. *Refuge Oil Co.,* 88 Miss. 617; *Matthews* v. *N., etc., R. R. Co.,* 93 Miss. 325.

The precise question in this case is whether or not there was sufficient evidence to warrant a jury in finding as a fact that the master failed to furnish the servant with reasonably safe tools and appliances with which

to work, and whether or not the injury to the plaintiff was caused by the defective system employed by the master in starting and stopping the trucks used by him, which resulted in starting the truck on the occasion in question while the plaintiff's thumb was fastened in the bed of the truck, resulting in pulling the end of his thumb off.

The testimony discloses, without a doubt, that the truck bed on this truck was improperly constructed; that this was known or could have been known by Veney by the exercise of ordinary care; and that the plaintiff was injured as a direct and proximate result of the improper and negligent construction of the latch on the end gate of this truck. Also while the plaintiff was in a situation of peril, in the immediate presence of defendant's foreman Smith, the foreman gave the order to the truck driver to proceed and get out of the way. This was the grossest species of negligence. Before any one could give the driver the alarm, and before the driver could stop, the end of plaintiff's finger had been pulled off. Smith, the foreman, says that he does not remember whether he gave the order to the driver to pull ahead or not. Anyway, he did not deny that he did give this order. The plaintiff and the witness Sandidge both testified that he did give the order to the driver to pull ahead, and the jury would not have been warranted, under the testimony, in finding that the foreman did not give this particular order, in view of the fact that the foreman does not deny that he did give the order. *Edward v. Haynes-Walker Lbr. Co.,* 113 Miss. 378, 74 So. 284, is conclusive on the law so far as this count in the declaration is concerned. In that case it is held that the employer is no less responsible to his workmen for personal injuries occasioned by a defective system of using machinery than for injuries caused by a defect in the machinery itself.

All questions of negligence and contributory negligence are to be decided by the jury. These questions of fact were submitted to the jury under proper instructions

of the court. It is not contended by the appellant that the instructions for the plaintiff in the court were erroneous in any respect. The jury decided all of these questions in favor of the plaintiff. The decision of the jury on these issues is conclusive and is supported by the overwhelming weight of the testimony. See *Laurel Mills* v. *Ward*, 134 Miss. 447; *Hardy* v. *Turner-Farber-Love Co.*, 136 Miss. 355; *Cecil Lbr. Co.* v. *McCloud*, 122 Miss. 767; *Ennis* v. *Y. & M. V. R. R. Co.*, 118 Miss. 509.

Argued orally by *W. H. Watkins,* for appellant, and *Jas. McClure,* for appellee.

ANDERSON, J., delivered the opinion of the court.

The appellee, Theo Samuels, brought this action in the circuit court of the First district of Panola county against appellant, Peter Veney, to recover damages for a personal injury suffered by appellee through the alleged fault of appellant. There was a verdict and judgment for appellee, from which the appellant prosecutes this appeal.

Appellant requested a directed verdict, which was refused by the trial court. That action of the court and the giving of instruction No. 1 for appellee are the grounds for reversal relied on by appellant.

The following is deemed a sufficient statement of the controlling facts in the case to develop the question whether or not appellant was entitled to a directed verdict upon the ground that the testimony did not tend to establish appellee's case:

Appellant was a road contractor engaged in surfacing with gravel a link in Panola county of the Jeff Davis highway. He employed in the hauling and distribution of the gravel something like forty automobile trucks and a large number of employees. Gravel was hauled from a nearby gravel pit. Each truck loaded with gravel would back in on the road to a point near where the last gravel had been dumped. The trucks were s?

equipped that when the gravel was ready to be dumped the bed of the truck was released in front, the front end going upward and the rear end going downward, resulting in the gravel being dumped on the ground. At the time of his injury appellee was engaged in dumping a load of gravel. Appellee and a fellow servant with their hands on the rear end of the truck bed were bearing down thereon with all their weight, while two other employees of appellant were pushing the front end of the truck bed upward. When the rear of the bed struck the ground, instead of the rear gate to the bed opening as it should have done to let the gravel out, the latch thereto which protruded below the bed of the truck dug into the ground, thereby preventing the gate opening. Between the ends of the rear gate and the side walls of the truck there was a play of something like half an inch. The appellee in bearing the rear end of the truck down to empty it caught the thumb of his right hand in one of these openings. The failure of the rear gate to open on account of the latch thereto being caught in the ground caused the ends of the rear gate and the side walls of the truck to come together on appellee's thumb while so situated. Before appellee could extract his thumb, the truck was started, pulling the end of his thumb off at the first joint.

One ground of recovery set out in appellee's declaration is that the truck was not a reasonably safe instrumentality for the purpose for which it was intended, the result being the injury complained of.

Appellee's testimony tended to show that the fact that the latch to the rear gate of the truck protruded below the truck bed causing the latch in the process of emptying to dig into the ground and become fastened, thereby preventing the dumping of the gravel, made the truck unsafe for the employees engaged in emptying it, and that this condition of the truck was brought to the attention of the appellant probably more than once. The evidence appears without conflict that the injury to appellee's thumb would not have occurred except for the

fact that the latch to the rear gate protruded below the bed of the truck.

The appellant argues, however, that conceding that the truck was an unsafe instrumentality in that respect resulting in appellee's injury, nevertheless it was an injury for which appellant is not liable because it cannot be said from the evidence that appellant as a reasonable person should have anticipated that some injury might occur to an employee on account of such defective condition of the bed of the truck. The law is, as contended by appellant, that a master is not liable for every injury occurring to his servant on account of a defective instrumentality put into his servant's hands with which to work, but is liable only when he should have reasonably anticipated that such an instrumentality would result in some injury to his servant. Appellant argues that, whatever defect there was in the truck involved in this case, it was such as that the master could not have reasonably anticipated any injury would result therefrom to his servant. We are of opinion, however, that this was a question for the jury.

Appellant is presumed to have been skilled in the business in which he was engaged. He knew how the trucks were emptied. As to this particular truck he knew that it took servants pushing up the bed at the front and two servants bearing down with all their weight at each corner of the bed at the rear in order to empty the truck. And he knew, or should have known, that in thus emptying the truck the servants at the rear might have one or more of their fingers in or near the openings between the ends of the rear gate and the sides of the truck, and that the failure of the rear gate to open, on account of the latch thereto becoming fastened in the ground, might cause the sides of the bed of the truck to press with great force upon the ends of the rear gate, and thus cause the character of injury which appellee received. Under the law it was not necessary that appellant should have anticipated the particular injury that resulted from the condition of the truck, but only

that an injury of some character might result therefrom to a servant. It is often a very close question of fact as to whether a master shall be held liable to his servant for an injury received on account of defective ways, means, or appliances. We think this is that character of case, but we are of ouinion that under the evidence the jury could have reasonably found, as they did, that the defect in the bed of this truck was such that appellant by reasonable forethought should have anticipated that some injury might result therefrom to his servants. The trial court, therefore, committed no error in refusing to direct a verdict for appellant.

The other ground of recovery set up in appellee's declaration is that one Smith was appellant's foreman in charge of the dumping of the gravel on the road; that the foreman, while appellee's thumb was fastened in the truck, negligently ordered appellant's driver to move ahead, which the driver did, such movement resulting in the end of appellee's thumb being pulled off; that the action of the foreman in so ordering the driver to move forward was negligent because the foreman knew, or should have known, of appellee's perilous situation; that Smith, the foreman, in superintending the dumping of the gravel, was acting for appellant and in his stead; and that therefore his negligence was the negligence of the master and not that of a fellow servant.

By instruction No. 1 given for appellee, the court told the jury that it was their duty to find for appellee if the foreman, Smith, gave the order to the truck driver to move forward when he knew or should have known appellee's situation of peril.

Even if it be true, as contended by appellee, that Smith was not appellee's fellow servant, but was acting for appellant as principal, this instruction should not have been given because there was no evidence upon which to found it. There was no substantial testimony whatever tending to show that Smith knew that appellee's thumb had been caught or that he could have known it by reasonable diligence. The whole occurrence took place in

a very minute period of time.    There is not a fact or
circumstance in evidence that goes to charge Smith as
foreman with knowledge of appellee's situation of peril
or with any neglect of duty with reference thereto.
Therefore this instruction was erroneous and, we think,
calculated to mislead the jury.    In considering the case
the jury might have based its verdict alone on the negli-
gence of foreman Smith.

We do not decide the question whether Smith was
acting as principal or fellow servant with appellee, be-
cause we do not come to it.

*Reversed and remanded.*